IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 0419 3:17CR00085-001 |
| ) | |
| Vorale Avonte Moore ) | |
| Defendant ) | |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon Petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Vorale Avonte Moore, for good cause shown therein, and based on agreement of the parties as set forth herein:

AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant stipulates and agrees that the government may prove the facts pertaining to the New Law Violation(s) alleged in the Petition by way of the written proffer set forth by the Probation Office in the Petition. That written proffer provides as follows:

**Violation #3: NEW LAW VIOLATION – CONSPIRACY TO DISTRIBUTE AND POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA (Date violation concluded: 2/15/2022).**

The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on or about January 12, 2022, during a warrantless probation search, Supervisory United States Probation Officer J. Kemp asked the defendant if he has been involved in the sale of narcotics during his term of supervision. The defendant verbally admitted to being the "middleman" for individuals who contacted him looking for marijuana. Specifically, the defendant admitted to connecting associates with other associates

1

for the purpose of obtaining marijuana. This was a post-*Miranda* statement that was audio recorded.

Subsequent to the aforementioned warrantless search, data in the defendant's cell phone was analyzed forensically and reviewed by this Probation Officer. Numerous text conversations indicate that the defendant was personally engaged in the sale of marijuana and other controlled substances, and not just serving as a middleman. On February 15, 2022, the defendant was confronted regarding the information observed in his cell phone. He maintained that he middle-manned drug deals and added that he gave people rides on occasion for them to purchase narcotics. This statement was also audio recorded. If charged federally with this conduct, it would constitute a violation of 21 U.S.C. §§ 846 & 841(a)(1). **GRADE A VIOLATION.**

The defendant does not contest, but does not admit, said facts for the purpose of this supervised release violation proceeding, and the defendant offers no contrary evidence. The defendant further stipulates and agrees that the Court may find facts and make determinations as to guilt or innocence of said New Law Violation(s) based on the written proffer set forth by the Probation Office in the Petition.

With respect to all of the Violations alleged in the Petition except for the New Law Violation(s), the defendant stipulates and agrees that he/she did, in fact, violate the conditions of supervised release as alleged. Accordingly, the defendant stipulates and agrees that he/she has violated the terms and conditions of supervised release in the following respects:

**Violation #1: DRUG/ALCOHOL USE (Date violation concluded: 1/20/2022).**

The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not

2

limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner," in that, the defendant has submitted urine samples which tested positive for cocaine on eight (8) separate occasions: May 3, 2021, May 17, 2021, June 30, 2021, October 21, 2021, November 19, 2021, December 1, 2021, December 8, 2021, and January 20, 2022. The defendant has admitted to each positive drug test and signed admission forms. **GRADE C VIOLATION.**

**Violation #2: FAILURE TO COMPLY WITH MENTAL HEALTH TREATMENT REQUIREMENTS (Date violation concluded: 2/14/2022).**

The defendant has violated the condition of supervision that states, "The defendant shall participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner," in that, on October 21, 2021, the defendant was referred to New Beginnings for a mental health evaluation and services. The defendant missed eight (8) out of ten (10) scheduled appointments thereafter. Specifically, the defendant missed his scheduled appointments on November 1, 2021, November 16, 2021, December 9, 2021, December 23, 2021, January 24, 2022, January 28, 2022, and February 4, 2022. On February 14, 2022, the defendant was unsuccessfully discharged from treatment at New Beginnings. **GRADE C VIOLATION.**

### Violation #4: FAILURE TO SUBMIT TO SEARCH CONDITION (Date violation concluded: 1/12/2022).

The defendant has violated the condition of supervision that states, "The defendant shall submit his/her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn any other occupants that such premises may be subject to searches pursuant to this condition," in that, on January 12, 2022, the defendant refused to provide access to his personal cell phone after multiple requests were made by Probation Office during a warrantless search operation at his reported residence. **GRADE C VIOLATION.**

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant has a Criminal History Category of IV and, if the Court finds the defendant guilty of the New Law Violation(s) set forth above, that the defendant's violations are a maximum Grade A.

Based thereon the parties stipulate, pursuant to U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade A violation and a Criminal History Category of IV is a term of imprisonment of 24 months.

If accepted by the Court, the parties agree, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) and 32.1, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of 18 months with no further supervised release imposed. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the Petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

**APPROVED**

_____
Vorale Avonte Moore
Defendant

_____  
Brandon R. Roseman
Attorney for Defendant

_____
Steven R. Kaufman
Assistant United States Attorney

_____
Supervisory U.S. Probation Officer

_____ For Matthew J. Wzorek
Supervising U.S. Probation Officer

## AGREED SENTENCE

Based on the foregoing, the Court finds as fact by a preponderance of the evidence that the Defendant is guilty of the alleged violations of supervised release, including the New Law Violation(s) set forth in the Petition.

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Vorale Avonte Moore be and is hereby SENTENCED to a term of imprisonment of 18 months on Count One of the Judgment, with no further term of supervised release to follow.

In all other respects, the Judgment previously entered in this matter remains in full force and effect.

So ORDERED and ADJUDGED, this the 15th day of April, 2022.

_____
Max O. Cogburn, Jr.
U.S. District Court Judge